No. 523

First Circuit

SUCCESSION OF DOWNEY

(December 3, 1929. Opinion and Decree.)

Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellee.

Leslie A. Fitch, of Baton Rouge, attorney for respondent, tax collector, appellant.

ELLIOTT, J. A motion to dismiss this appeal was filed on the ground that the note of testimony belonging in the suit had not been brought up in the record. The record now contains the testimony. The motion to dismiss is overruled. The question presented in this case is whether on the trial of a rule instituted by the heirs of a decedent against a tax collector for the purpose of having the court decide on the estate's liability for an inheritance tax, under the provisions of Act No. 109 of 1906, Sec. 4, and Act 127 of 1921 (Ex. Ses.) Secs. 4 and 7 (amd. Act 44 of 1922, Sec.1) parol evidence is admissible for the purpose of showing the debts of the estate— the purpose being to show that if the liabilities of the estate be deducted there is no inheritance tax due. The inheritance tax is due only on the net estate after the liabilities have been deducted.

Succession of Levy, 115 La. 378, 39 So. 37, 8 L.R.A. (N. S.) 1180, 5 Ann. Cas. 871;

Succession of May, 120 La. 692, 45 So. 551;

Phillips vs. Phillips, 160 La. 814, 107 So. 584.

It is only by parol evidence in this case that the liabilities can be shown, and the evidence was, in our opinion, properly received.

The defendant contends that the effect of the testimony is to change the title of real estate, but we find that the purpose and effect of the testimony is to show the net estate.

The district judge received and considered the evidence, and held that the estate owed no inheritance tax. The ruling was correct.

Judgment affirmed. Defendant and appellant to pay the costs in both courts.