STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-336


SHATERIKA ASHLEY, ET AL.

VERSUS

ANTONIO STRONG, ET AL.

**********
APPEAL FROM THE
ALEXANDRIA CITY COURT, NO. 107,884
PARISH OF RAPIDES
HONORABLE RICHARD E. STARLING, JR., CITY COURT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED AS AMENDED.


Malcolm X. Larvadain
Attorney at Law
626 Eighth Street
Alexandria, LA 71301
Counsel for Plaintiffs/Appellees:
    Shaterika Ashley
    Latonya Bowers
    Audrey Ashley

Dana C. Graham
Borne & Wilkes, L.L.P.
200 West Congress Street Suite 1000
Lafayette, LA 70502
Counsel for Defendants/Appellants:
    Safeway Insurance Company
    Antonio Strong

**Pickett, J.**

The defendants, Safeway Insurance Company of Louisiana (hereinafter Safeway) and Antonio Strong, Safeway's insured, appeal a judgment of the trial court in favor of the plaintiffs, Audrey Ashley, Shaterika Ashley, and Latonya Bowers. We amend the judgment of the trial court and affirm as amended.

## FACTS

This case arises out of a two vehicle accident which took place at approximately 10:15 p.m., in the parking lot of King City Discount Liquor and Tobacco Store, 3007 Lee Street Alexandria, Louisiana. The defendant, Antonio Strong, the driver of vehicle number one, and his passenger, Corey Strong, gave one account of the accident, while Shaterika Ashley, the driver of vehicle number two, and her passenger, Latonya Bowers, gave another version of what happened. An independent witness, Pauline Smith, who witnessed the accident, gave testimony supporting the version of the accident given by Ashley and Bowers. The Strongs testified that they had completed their business at the store, had backed out of their parking space and were stopped, waiting to turn out of the King City parking lot onto Lee Street, when Ms. Ashley side-swiped their vehicle while attempting to back out of her parking space.

Ms. Ashley and Ms. Bowers testified that as Ms. Ashley started to back out of her parking space, Mr. Strong, who had been waiting to turn out of the King City parking lot onto Lee Street, backed up into the Ashley vehicle. This version of the accident was corroborated by Ms. Smith.

1

The trial judge found Antonio Strong 100% at fault and awarded property damages to Audrey Ashley, the owner of vehicle two, and medical and general damages to Shaterika Ashley and her passenger, Latonya Bowers.

Antonio Strong and his insurer, Safeway, appeal the judgment of the trial court presenting three issues for review: 1) whether the trial court erred in assessing 100% of the fault in the accident to Antonio Strong; 2) whether the trial court erred in awarding Audrey Ashley $1,217.26 in property damages; and 3) whether the trial court erred in awarding Audrey Ashley $200.00 for loss of use of her vehicle.

## LAW AND DISCUSSION

The first issue presented for review, whether the trial court erred in assessing 100% of the fault in the accident to Antonio Strong, is a factual determination by the trial court requiring that we apply the manifest error standard of review. In *Poole v. Poole*, 08-1325, pp. 4-5 (La.App. 3 Cir. 4/1/09), 7 So.3d 806, 810, this court stated the following:

> [A] factual determination of the trial court that is subject to the manifest error/clearly wrong standard of review. *Stobart v. State, Through Dep't. of Transp. & Dev.*, 617 So.2d 880 (La.1993).
>
> In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and meet the following two-part test: (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Id.* Where there is conflict in the testimony presented at trial, the trial court's reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). A trial court's credibility determinations are subject to the strictest deference, and the manifest error or clearly wrong standard demands great deference for the trial court's findings. *Theriot v. Lasseigne*, 93-2661 (La.7/5/94), 640 So.2d 1305. "[T]he issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Stobart*, 617 So.2d at 882. Thus, if the trial court's decision is reasonable in light of the record reviewed in its entirety, the court of

2

appeal may not reverse even though the appellate court would have weighed the evidence differently. *Rosell*, 549 So.2d 840.

Further, in *Henderson v. Nissan Motor Corp.*, 03-606, p. 10 (La. 2/6/04), 869 So.2d 62, 69, our supreme court reminded us of the following:

> The manifest error-clearly wrong standard of review is based upon the recognition of "the trial court's better capacity to evaluate live witnesses, as compared with the appellate court's access only to a cold record, but also upon the proper allocation of trial and appellate functions between the respective courts." *[Stobart v. State, Through Dep't. of Transp. & Dev.*, 617 So.2d 880, 883 (La.1993)]. See also *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973). Accordingly, where two permissible views of the evidence exist, the fact-finder's choice between them cannot be manifestly erroneous or clearly wrong. *Id.*

In this case the Strong brothers told one version of the accident, while Mss. Ashley and Bowers told quite a different version. Additionally, there are two other factors to be considered—the testimony of Ms. Smith, which supports that of Mss. Ashley and Bowers and the fact that Antonio Strong failed to call Alton Jones, whom he claimed would testify in his favor.

In its reasons for judgment, the trial court noted the inconsistencies in the testimony of both Antonio and Corey Strong and the fact that both had been incarcerated for drug charges. The court also noted that the testimony of the only independent witness, Pauline Smith, supported that of Mss. Ashley and Bowers.

Considering the record as a whole, we cannot say that the trial court's allocation of 100% of the fault in the accident is manifestly erroneous or clearly wrong.

Issue number two, whether the trial court erred in awarding Audrey Ashley $1,217.26 in property damages, is not disputed. It appears that in drafting the judgment, the trial court reversed two of the digits in the award. The proper award should have been $1,127.26. The appellee does not contest this point. Accordingly,

3

we amend the judgment to award Audrey Ashley $1,127.26 in property damages, the amount of the Safeway estimate.

The final issue is whether the trial court erred in awarding Audrey Ashley $200.00 for loss-of-use of her vehicle. Appellants argue that because Audrey Ashley did not testify that she had her car repaired, she should not recover for the loss-of- use of the vehicle. It is well settled that loss-of-use is an element of damages. In *Chriss v. Manchester Insurance & Indemnity Co.*, 308 So.2d 803, 805-06(La.App. 4 Cir. 1975)(emphasis ours), our colleagues of the fourth circuit stated:

> In Reisz v. Kansas City So. R. Co., 148 La. 929, 88 So. 120 (1921) the owner of a building used for rental purposes was awarded a sum for loss of its use, equal to the amount of rental lost. Furthermore, damages for loss of use are recoverable whether the property is used for business or personal purposes. Nolan v. Liuzza, 301 So.2d 892 (La.App.4th Cir. 1974), involving loss of use of a personal automobile.

> The normal measure of damages for loss of use is the rental value of similar property and perhaps necessary incidental expenses. *It is not necessary, however, that a plaintiff actually rent substitute property in order to recover damages due for loss of use.* Rental (which accomplishes the substitution of the use of similar property for that of the injured property) does not determine entitlement to damages, but only provides a fair measure of damages in appropriate cases.

Additionally, in *Neloms v. Empire & Marine Insurance Co.*, 37,786, pp. 12-13 (La.App. 2 Cir. 10/16/03), 859 So.2d 225, 233 (citations omitted), the second circuit stated "[t]he measure of loss-of-use damages is normally the cost of renting a substitute vehicle. . . . This award, however, need not be restricted to rental. The trial court is given a great deal of discretion to determine the damages awarded for loss of use of a vehicle. . . ."

In the case sub judice, the estimate to repair Audrey Ashley's vehicle submitted by Safeway and accepted by both the trial court and this court shows that the repairs to Mrs. Ashley's car will take approximately three days. Considering this and the

4

applicable jurisprudence, we cannot say that the award of $200.00 for loss-of- use of her vehicle is either erroneous or excessive.

Accordingly, for the reasons stated above, the judgment of the trial court is amended to reduce the property damage award to Audrey Ashley from $1,217.26 to $1,127.26; in all other respects the judgment is affirmed. The defendants/appellants, Safeway Insurance Company of Louisiana and Antonio Strong are cast with all costs of this appeal.

**AFFIRMED AS AMENDED.**