STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-41


KELLI M. DUHON

VERSUS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND
MARY K. FOLEY


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2010-7536J
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of James T. Genovese, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


AMENDED AND RENDERED.


Blake R. David
Jerome H. Moroux
Broussard & David, LLC
Post Office Box 3524
Lafayette, Louisiana 70502-3524
(337) 233-2323
Counsel for Plaintiff/Appellant:
    Kelli M. Duhon

**Gretchen Heider Mayard**
**Katherine Payne Martin**
**Martin Mayard, L.L.C.**
**200 Beaullieu Drive, Bldg. 3A**
**Post Office Box 81338**
**Lafayette, Louisiana 70598-1338**
**(337) 291-2440**
**Counsel for Appellees/Defendants:**
       **Mary K. Foley and State Farm Mutual**
       **Automobile Insurance Company**

**GENOVESE, Judge.**

This is a property damage case arising out of a parking lot auto accident. Plaintiff, Kelli M. Duhon, filed suit against Defendants, Mary K. Foley and her liability insurer, State Farm Mutual Automobile Insurance Company (State Farm), seeking compensation for her deductible, rental car fees, and diminution of value of her vehicle as a result of said accident. Following a bench trial, the trial court found Ms. Duhon one hundred percent at fault in causing the accident and rejected all demands made by her. For the following reasons, we amend the trial court's allocation of fault and render judgment accordingly.

## FACTUAL AND PROCEDURAL BACKGROUND

The record indicates that on November 20, 2009, Duhon was driving her 2009 Lincoln MKX in the parking lot on property bearing the municipal address of 3809 Ambassador Caffery Parkway in Lafayette, Louisiana, when a 2006 Toyota Sequoia driven by Ms. Foley entered the parking lot from Ambassador Caffery Parkway and the vehicles collided. As a result of this auto accident, Ms. Duhon filed suit against Ms. Foley and her insurer, State Farm, seeking recovery for: (1) the out-of-pocket deductible she paid for repairs to her vehicle; (2) the out-of-pocket rental expenses she paid; and, (3) the diminution in value of her vehicle as a result of this auto accident.

A bench trial was held on August 5, 2011. In its oral reasons for judgment, the trial court stated (emphasis added):

> I'm going to rule in favor of the defense, though. I find that she was already in the parking lot. I believe[,] by looking at the photos[,] they're both roughly going the same speed because they were both pushed in opposite directions, roughly the same amount. I think everybody's being honest here. I just think it's a question of both parties have to enter the intersection with due caution. And[,] for whatever reason, *neither party entered with enough caution to avoid the accident.*

And so I find no fault on the part of [Ms. Foley].

. . . .

[T]here's nothing to direct traffic here. If I could find fault with anybody here, I'd find with whoever designed the parking lot personally. I mean, to have an intersection that no one is controlled in seems absurd to me, personally. But I don't think – I don't believe it's fifty/fifty (50/50) fault is what you get. I don't believe she's responsible for fifty percent (50%). I believe they ran into each other. That's all I can say.

. . . .

I understand the misfortune of the whole thing, but I don't believe it was her [(Ms. Foley's)] fault. Period. And you [(Ms. Duhon)] have to prove your case by a feather[,] and I don't find you did that."

The trial court ruled in favor of Ms. Foley, finding Ms. Duhon one hundred percent at fault in causing the collision between her and Ms. Foley. Ms. Duhon appeals.

## LAW AND DISCUSSION

Ms. Duhon asserts the trial court erred in finding her at fault and denying her recovery of the property damages she allegedly sustained in the collision. For the reasons that follow, we find the trial court's assessment of fault solely against Ms. Duhon to be manifestly erroneous and amend that assessment to allocate fifty percent fault to Ms. Foley.

Whether the trial court erred in assessing one hundred percent of the fault in the accident to Ms. Duhon is a factual determination by the trial court requiring that we apply the manifest error standard of review. In *Ashley v. Strong*, 09-336, pp. 2-3 (La.App. 3 Cir. 10/07/09), 19 So.3d 1260, 1261-62 (quoting *Poole v. Poole*, 08-1325, pp. 4-5 (La.App. 3 Cir. 4/1/09), 7 So.3d 806, 810), this court set forth the applicable standard of review as follows:

[A] factual determination of the trial court . . . is subject to the manifest error/clearly wrong standard of review. *Stobart v. State, Through Dep't. of Transp. & Dev.*, 617 So.2d 880 (La.1993).

2

In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and meet the following two-part test: (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Id.* Where there is conflict in the testimony presented at trial, the trial court's reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). A trial court's credibility determinations are subject to the strictest deference, and the manifest error or clearly wrong standard demands great deference for the trial court's findings. *Theriot v. Lasseigne*, 93-2661 (La.7/5/94), 640 So.2d 1305. "[T]he issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Stobart*, 617 So.2d at 882. Thus, if the trial court's decision is reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though the appellate court would have weighed the evidence differently. *Rosell*, 549 So.2d 840.

In this case, Ms. Duhon told one version of the accident, while Ms. Foley told another. According to Ms. Duhon, she was traveling five to ten miles per hour in the parking lot, preparing to exit the parking lot. She slowed to approximately one mile per hour as she approached the parking lot's intersection and looked in all directions before proceeding through the parking lot's intersection. Ms. Duhon got past one of two lanes of travel in the intersection and was crossing the second lane when she claims that Ms. Foley's vehicle broadsided her from the right. Ms. Duhon testified that she was halfway through the intersection when the impact occurred. She further alleges that Ms. Foley was traveling fast enough to push her vehicle into another lane.

According to Ms. Foley, prior to entering the parking lot, she was traveling on Ambassador Caffery Parkway. She slowed down to make a right turn to enter the parking lot. Ms. Foley alleges that as she completed her right turn into the parking lot, and before crossing the first lane of travel in the parking lot, Ms. Duhon came from the left and hit her vehicle. Ms. Foley denied being in a

3

hurry or speeding. Immediately after the accident, Ms. Foley departed from the scene of the accident and walked to her scheduled hair appointment at a salon located adjacent to the parking lot. Ms. Foley returned to the accident scene when a police officer arrived to document the accident.

The photographs of the area surrounding the accident scene were introduced into evidence. The photographs depict a collision consistent with Ms. Duhon's rendition of how the accident occurred. Ms. Foley's vehicle suffered damage to the front left. Ms. Duhon's vehicle suffered damage to the right side. The point of impact was halfway through the intersection, consistent with the version offered by Ms. Duhon.

Louisiana Civil Code Article 2315(A), under which negligence actions arise, provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." To prove her negligence claim, Ms. Duhon was required to prove that: (1) Ms. Foley had a duty to conform her conduct to the appropriate standard of care; (2) Ms. Foley failed to conform to the appropriate standard; (3) Ms. Foley's substandard conduct was a cause-in-fact of the Ms. Duhon's damages; (4) Ms. Foley's substandard conduct was a legal cause of Ms. Duhon's damages; and (5) the actual damages. *See Davis v. Witt*, 02-3102, 02-3110 (La. 7/2/03), 851 So.2d 1119.

As set forth by this court in *Gatheright v. State Farm Mutual Automobile Insurance Co.*, 352 So.2d 428, 431 (La.App. 3 Cir. 1977), when a vehicular collision occurs "in [a] parking lot and not on a public thoroughfare, the general tort law of our state is applicable. The Highway Regulatory Act (La.R.S. 32:1 et seq.) is not controlling."

> A motorist traveling in a parking lot is required to exercise a duty of "due caution." The motorist can breach their [sic] duty of "due

4

caution" if they [sic] travel at a fast pace in a parking lot with other traffic present and with their [sic] vision obstructed by parked cars and other objects.

*Chenevert v. Wal-Mart Stores, Inc.*, 02-1075, p. 4 (La.App. 3 Cir. 2/5/03), 838 So.2d 922, 924.

After reviewing the record in its entirety, we find that a reasonable factual basis does not exist for the trial court's findings and that the trial court's determination of negligence exclusively on the part of Ms. Duhon is manifest error. Not only did Ms. Foley's testimony conflict with Ms. Duhon's, but it was not corroborated by the physical evidence. Even the trial court intimated comparative fault of the drivers when it stated in its oral reasons for judgment that "neither party entered with enough caution to avoid the accident." Thus, the trial court erred in assessing no fault to Ms. Foley for this accident.

Having found that the trial court erred in allocating all fault to Ms. Duhon for this accident, we must adjust the allocation of fault giving deference to the trial court's allocation of fault. *Clement v. Frey*, 95-1119, 95-1163 (La. 1/16/96), 666 So.2d 607. In an action for injury or loss, the trier of fact shall determine the degree or percentage of fault of all persons found to have contributed or caused that injury or loss. La.Civ.Code art. 2323.

Considering the evidence in the record and the findings stated above, we conclude that both parties were at fault in their respective inadvertence and failure to exercise due caution in traversing the parking lot as required by law. The trial court erred in assessing all fault of this accident to Ms. Duhon. It was manifestly erroneous and clearly wrong in not finding that Ms. Foley was also negligent. Therefore, we find the lowest reasonable amount of fault that could be assessed to Ms. Foley to be fifty percent.

In her appeal, Ms. Duhon also asserts that as a result of this accident, her vehicle sustained property damage in the amount of $9,577.64 (paid by Ms. Duhon's insurer, State Farm, and not at issue herein) and that her vehicle incurred significant diminution in value. She paid her $250.00 deductible to have her vehicle repaired and $204.09 for rental expenses. The only figure in dispute at trial was the diminished value of Ms. Duhon's 2009 Lincoln MKX. At trial, both Ms. Duhon and State Farm submitted estimates of the diminished value for the trial court's consideration.

Ms. Duhon testified that she determined the diminished value by using online websites. According to Ms. Duhon, she paid $43,500.00 for her vehicle in May 2009, six months before this accident. Based upon her online research, Ms. Duhon used the make, model, amount of property damage, mileage at the time of the accident, and ten percent less than the manufacturer's suggested retail price from which she determined the diminished value of her vehicle to be $6,730.76.

State Farm offered a diminished value assessment prepared by Crawford & Associates. Based on the determination of the actual cash value of the vehicle at the time of the accident, and a visual inspection of the vehicle following the repairs, Crawford & Associates determined that the diminished value of Ms. Duhon's vehicle was $2,179.54.

The record does not indicate or establish that Ms. Duhon has any experience or expertise relative to the estimation of the diminished value of vehicles. Thus, we do not accept her self-serving, non-authoritative valuation. We accept the valuation offered by State Farm. Accordingly, we amend the trial court's judgment to reflect an award of fifty percent of $454.09 (the total amount paid by

6

Ms. Duhon for her deductible and rental expenses), and fifty percent of $2,179.54 for the diminution in the value of Ms. Duhon's vehicle.

**DECREE**

For the foregoing reasons, we amend the judgment of the trial court to allocate fifty percent fault to Ms. Foley and fifty percent fault to Ms. Duhon. We further amend the trial court's judgment to reflect an award of fifty percent of $454.09 (the total amount paid by Mr. Duhon for her deductible and rental expenses), and fifty percent of $2,179.54 for the diminution in the value of Ms. Duhon's vehicle. Costs of this appeal are assessed equally to Plaintiff/Appellant, Kelli M. Duhon, and Defendants/Appellees, Mary K. Foley and State Farm Mutual Automobile Insurance Company.

**AMENDED AND RENDERED.**