NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-365

STATE OF LOUISIANA

VERSUS

EMETERIO RIVERA

*********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 18-1485
HONORABLE KEITH R.J. COMEAUX, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Sylvia R. Cooks, Chief Judge, and Charles G. Fitzgerald and Gary J. Ortego, Judges

CONVICTION AFFIRMED;
SENTENCE VACATED AND REMANDED.

**Chad M. Ikerd**
**Louisiana Appellate Project**
**Post Office Box 2125**
**Lafayette, Louisiana 70502**
**(337) 366-8994**
**Counsel for Defendant/Appellant:**
 **Emeterio Rivera**


**Bofill Duhé**
**District Attorney**
**Alister Charrier**
**W. Claire Howington**
**Assistant District Attorneys**
**300 Iberia Street, Suite 200**
**New Iberia, Louisiana 70560**
**(337) 369-4420**
**Counsel for Appellee:**
 **State of Louisiana**

**FITZGERALD, Judge.**

Defendant, Emerterio Rivera, appeals his convictions of first degree rape and sexual battery.

**PROCEDURAL HISTORY**

In December 2018, Defendant was charged by grand jury indictment with two counts of first degree rape of a juvenile under the age of 13, in violation of La R.S. 14:42, and one count of sexual battery of a juvenile under the age of 13, in violation of La R.S. 14:43.1. As alleged in the indictment, the criminal conduct took place in Iberia Parish in June 2017 when A.H., the minor child, was 12 years old.

A four-day jury trial commenced in April 2021. At the close of evidence, the jury unanimously found Defendant guilty on all counts. Two months later, Defendant filed a motion for new trial based on a juror's affidavit. The trial court ultimately excluded the affidavit and denied Defendant's motion.

On December 15, 2021, the trial court imposed a life sentence for first degree rape and thirty years for sexual battery. The court ordered the sentences to run concurrently. Defendant appealed.

**LAW AND ANALYSIS**

**I. ERRORS PATENT**

In accordance with La.Code Crim P. art. 920, we review all criminal appeals for errors patent on the face of the record. Here, there are two errors patent. First, the rape sentence is indeterminate. And second, the sentence for first degree rape must be served at hard labor.

The sentence imposed for the two counts of first degree rape is indeterminate because the trial court imposed a single life sentence for both counts. Specifically, at the sentencing hearing, the trial court stated:

> Therefore, under the provisions of Title 14, Section 43.1, on the sexual battery, I sentence him to a term of imprisonment of thirty years at hard labor. Twenty-five of those years will be served without the benefit of probation, parole, or suspension of sentence as provided by statute.
>
> Additionally, on the two counts of first degree rape, the Court will sentence the defendant to life imprisonment without benefit of probation, parole, or suspension of sentence. For the purposes of execution of those sentences, the sentences shall run concurrently with each other.

"Where the trial court has imposed one sentence for multiple counts, this court has previously set aside the defendant's sentence on those counts as indeterminate and remanded the case to the trial court for resentencing on each count." *State v. Grace,* 10-1222, p. 19 (La.App. 3 Cir. 4/6/11), 61 So.3d. 812, 825-26, *writ denied,* 11-961 (La. 10/21/11), 73 So.3d. 382. *See also* La.Code Crim.P. art 879 (If "a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence.").

Thus, the single sentence imposed for the two counts of first degree rape is vacated and the case is remanded to the trial court for resentencing on each of the first degree rape counts separately.

The trial court also failed to specify that the sentence imposed for first degree rape must be served at hard labor. Louisiana Revised Statutes 14:42(D)(2), as applicable to this case, provides a mandatory sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence in cases involving victims under the age of thirteen.

On remand, the trial court is instructed to resentence Defendant at hard labor.

## II. ASSIGNMENT OF ERROR NUMBER 1

In his first assignment of error, Defendant asserts that the trial court erred by refusing to answer a jury question regarding the possibility of a hung jury. The record reflects the following exchange during jury deliberations:

THE COURT:

> I've been presented with a question from the foreperson, I gather, Ms. Viator and we cannot agree to a unanimous decision. A juror will not even agree to lesser charges. We want to understand next steps if only one juror will never be convinced of any guilty pleas on all charges. I'm going to read to you the deliberation instructions again, the pertinent parts I think are pertinent.
>
> First of all I don't think y'all have bene [sic] out long enough. Okay. It is your duty to follow these instructions in reaching your verdict. As jurors, you are not to be influenced by mere sympathy, passion, prejudice or public opinion. You are expected to reach a just verdict. It is your duty to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case, with your fellow jurors. In the course of your own views, or change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Let me say that it is usually not a good idea for a juror, when first entering the jury room, to make an emphatic expression of an opinion on the case or announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may be at issue; one may hesitate to back down from an announced position, even if shown to be wrong. Remember, you are not advocates in this matter, but rather you are judges. Your sole interest is to seek the truth from the evidence case. Your verdict must be unanimous. When all of you agree on the same verdict on each count, whatever it might be, you may render it. Okay. I got pizzas coming. They'll be here shortly. I'd like y'all to return back to deliberate some more.

THE BAILIFF:

> Please rise for the jury.

(Jury out)

THE COURT:

I'm going to offer this as Court Exhibit Number?

THE CLERK:

Court 8.

THE COURT:

Okay. Any objection to the charge that I gave?

MS. CHARRIER:

No, Your Honor.

MR. SPEARS:

No, Your Honor.

THE COURT:

Court is in recess.

Louisiana Code of Criminal Procedure Article 801(C) sets forth the contemporaneous objection requirement, stating:

> C. A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds therefor shall be stated at the time of objection. The court shall give the party an opportunity to make the objection out of the presence of the jury.

The record reflects that Defendant not only failed to contemporaneously object to the trial court's supplemental instructions to the jury, but acquiesced to the supplemental instructions. Consequently, this issue is not preserved for appellate review.

## III. ASSIGNMENT OF ERROR NUMBER 2

In his second assignment, Defendant asserts that the trial court erred in refusing to consider a juror's affidavit in deciding the motion for new trial.

4

More particularly, in June 2021, Defendant filed a motion for new trial with an accompanying affidavit from a juror describing the specifics of the jury process and the juror's own thoughts and emotions. In response, the State moved to strike the affidavit under the "Jury Shield Law," which states:

> **B. Inquiry into validity of verdict or indictment**. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether any outside influence was improperly brought to bear upon any juror, and, in criminal cases only, whether extraneous prejudicial information was improperly brought to the jury's attention. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

La.Code Evid. art. 606(B) (emphasis in original).

The trial court ultimately excluded the affidavit, finding that no extraneous prejudicial information had been improperly brought to the jury's attention, nor had any outside influence been alleged. The motion for new trial was then denied.

On appeal, Defendant suggests that the juror's affidavit included evidence that the "court's failure to instruct the jury on the effects of a hung jury served as an 'outside' influence on the proceedings." Defendant argues that the trial court should have considered that part of the affidavit even if other parts were inadmissible. We disagree.

The trial court's supplemental instructions do not constitute an "outside influence improperly brought to bear upon any juror[.]" La.Code Evid. art. 606(B). There is no evidence of extraneous prejudicial information being brought to the jury. Nor is there any evidence of an outside influence. The affidavit was properly

excluded, and the trial court did not abuse its discretion in denying the motion for new trial.

## IV. ASSIGNMENT OF ERROR NUMBER 3

In his third assignment of error, Defendant asserts that he was denied effective assistance of counsel. In support, Defendant points to his trial counsel's failure to object to the trial court's refusal to answer a jury question about the possibility of a hung jury.

At the outset, we note that an ineffective-assistance-of-counsel claim is more appropriately addressed in an application for post-conviction relief. *State in the Interest of A.B.*, 09-870 (La.App. 3 Cir. 12/9/09), 25 So.3d 1012. Nevertheless, because the record here includes a detailed account of the matter at issue, we will exercise our discretion and address Defendant's claim in the discussion that follows.

In assessing a claim of ineffectiveness of counsel, the defendant must show two things: (1) that his attorney's performance was deficient, and (2) that the deficiency prejudiced his defense. *Strickland v. Washington,* 104 S.Ct. 2052 (1984). Both elements must be shown by Defendant. *State v. Serigny,* 610 So.2d 857, 860 (La.App. 1 Cir.1992), *writ denied,* 614 So.2d 1263 (La.1993).

The record here shows that after approximately three hours of deliberation (including lunch), the jury foreman presented a note advising the court that one juror did not agree with the other jurors and would not consider any lesser included offenses. The note sought guidance on the next steps. However, the trial court did not feel that the jurors had been out long enough for serious deliberation. And because of this, the trial court reread to the jury the pertinent parts of its original instructions, encouraged them to deliberate with a view of reaching an agreement, and requested that they continue deliberations.

6

A similar situation was presented in *State v. Anders,* 06-589 (La.App. 3 Cir. 9/27/06), 941 So.2d. 93. In that case, a different panel of this court provided the following statement of law:

> "There is no requirement that a judge declare a mistrial at the initial sign of trouble. *State v. Lowenfield*, 495 So.2d 1245 (La.1985), *cert. denied*, 476 U.S. 1153, 106 S.Ct. 2259, 90 L.Ed.2d 704 (1986)." *State v. Worthen*, 550 So.2d 399, 404 (La.App. 3 Cir. 1989). Additionally, it is also within the discretion of the trial court to urge jurors to come to an agreement. In *State v. Governor*, 331 So.2d 443[, 453] (La.1976), the Louisiana Supreme Court stated:
>
> > It is safe to state as a settled proposition that when the court is informed by a jury that they cannot agree, it is not error for the court to impress upon them the importance of the case, urge them to come to an agreement, and send them back for further deliberation.

*Id.* at 101.

Importantly, the supplemental instructions at issue here do not rise to the level of an *Allen* charge or a modified *Allen* charge.[1] First, the instructions neither state nor imply that the trial judge was unwilling to accept a mistrial. And second, the instructions neither state nor imply that the jurors in the minority should rethink their positions and join the majority view.

As evidenced by the record, the trial judge's supplemental instructions do not constitute an abuse of discretion. Defendant cites no authority for his insufficiency-of-counsel claim. And Defendant has made no showing of deficient performance by his trial counsel. In short, this assignment lacks merit.

---

[1] The "*Allen* charge" originated in *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154 (1896). For a full discussion of *Allen* charges, see *State v. Juarbe*, 01-2250 (La.App. 4 Cir. 7/31/02), 824 So.2d 1240, *writ denied*, 02-2846 (La. 10/31/03), 857 So.2d 467.

**V. PRO SE SUBMISSION**

On September 16, 2022, Defendant filed a pro se brief asserting two additional assignments of error. These additional assignments are addressed below.

*Pro Se Assignment of Error Number 1*

Defendant asserts that the evidence presented at trial was insufficient to support his conviction.

The general test for sufficiency of evidence is well settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d. 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 Led.2d. 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d. 559 (La.1983); *State v. Duncan*, 420 So.2d. 1105 (La.1982); *State v. Moody*, 393 So.2d. 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the Jackson standard of review. *See State ex rel Graffagnino,* 436 So.2d. 559 (citing *State v. Richardson*, 425 So.2d. 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson,* 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d. 1367, 1371.

Here, the jury convicted Defendant of first degree rape and sexual battery. Louisiana Revised Statutes 14:42 defines first degree rape as follows:

> A. First degree rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
>
> . . . .
>
> (4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

By comparison, the offense of sexual battery is defined in La. R.S. 14:43.1, which states:

A. Sexual battery is the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, directly or through clothing, or the touching of the anus or genitals of the offender by the victim using any instrumentality of any part of the body of the victim directly or through clothing, when any of the following occur:

(1) The offender acts without the consent of the victim.

(2) the victim has not yet attained fifteen years of age and is at least three years younger than the offender.

Significantly, while Defendant argues that the State's witnesses gave contradictory testimony that lacked corroboration, he admits that his semen was present in the victim's vagina. And despite Defendant's attempts to explain away much of the other record evidence, he offers no explanation for this critical fact: the presence of his DNA inside the victim's vagina. This evidence is also consistent with the victim's testimony that Defendant inserted his penis into her vagina.

This court in *State v. Pennywell*, 13-1376, pp. 12-13 (La.App. 3 Cir. 5/7/14), 139 So.3d 587, 595 (citations omitted), explained:

The jurors were free to reject or accept, in whole, or in part, the testimony of the victim. Furthermore, the testimony of the victim alone can support a verdict of guilty of a sexual offense even where the State does not introduce medical, scientific, or physical evidence to prove the commission of the offense.

Likewise, in *State v. Seaton*, 47,741, pp. 12-13 (La.App. 2 Cir. 4/10/13), 112 So.3d 1011, 1018-19, *writ denied*, 13-1056 (La. 11/15/13), 125 So.3d 1102 (internal citations omitted), the second circuit explained:

In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. This is equally applicable to the testimony of victims of sexual assault. Such

testimony alone is sufficient even where the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant.

Under *Pennywell* and *Seaton*, the testimony of A.H. alone is sufficient to affirm Defendant's convictions of first degree rape and sexual battery. But the evidence here also includes, among other things, Defendant's DNA inside of A.H.'s vagina.

Based on the above, we conclude that a rational trier of fact could have found proof beyond a reasonable doubt that Defendant was guilty of both offenses. Accordingly, Defendant's convictions are affirmed.

### *Pro Se Assignment of Error Number 2*

In his second pro se assignment of error, Defendant asserts that the trial court erred by denying his two motions for mistrial.

Motions for mistrial are addressed in La.Code Crim.P. art. 775, which states: "Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial[.]" The decision to grant or deny a mistrial is within the sound discretion of the trial court, and the denial of a motion for mistrial will not be disturbed absent an abuse of discretion. *State v. Hutchinson*, 18-445 (La.App. 3 Cir. 12/12/18), 261 So.3d 927.

Defendant's first motion for mistrial was made during his case in chief. The motion was based on a violation of the trial court's sequestration order by A.H. and her mother, April Garcia. Defense witness Cheryl Tovar testified outside of the jury's presence as to what happened. Cheryl explained that A.H. and Ms. Garcia came to her motel room for about an hour to discuss the case. When Cheryl finished

10

her explanation, Defendant argued in court that this meeting was prejudicial to his defense, specifically noting that A.H. and her mother had stayed in the courtroom the day before listening to discussions between the attorneys and the court about Defendant's theory of the case and the admissibility of evidence.

In denying Defendant's first motion for mistrial, the trial court pointed to Cheryl Tovar's testimony and assurances that she was going to tell the truth no matter what was said during the motel meeting. The trial court also pointed to the absence of influence or intimidation, as confirmed by Cheryl. Ultimately, the trial court was satisfied that Cheryl would be able to testify truthfully. In addition, the record reflets that Cheryl's trial testimony was generally favorable to the defendant. Thus, in our view, any improper discussion had no practical effect. For all these reasons, the trial court did not abuse its discretion in denying the first motion for mistrial.

Turning now to Defendant's second motion for mistrial. This motion was made after the defense had rested. It was based on alleged misconduct by A.H. and her mother during the trial when they exited the courtroom either crying or appearing to cry during Cheryl Tovar's testimony. According to Defendant, A.H. and her mother also slammed the door during their exist from the courtroom. Defendant argued to the trial court that this behavior distracted the jury during critical testimony and caused prejudice to his defense. The trial court disagreed, noting that the nature of the testimony being presented naturally causes emotional responses which can play into the proceedings. The trial court then denied the motion.

On review, the record does not contain any notation that trial was interrupted while A.H. and her mother exited the courtroom: no comments were made by counsel or the trial court about the crying or manner of exit. And as alluded to by

the trial court, an emotional reaction by a victim during sensitive testimony is not uncommon.  There is simply no record evidence that the emotional response complained of by Defendant prejudiced his defense.  Thus, the trial court did not abuse its discretion in denying Defendant's second motion for mistrial.

## DISPOSITION

For the above reasons, Emeterio Rivera's convictions are affirmed.  However, the single sentence imposed for two counts of first degree rape is vacated; the case is remanded for resentencing on each count; and the sentences imposed for the first degree rape counts shall be ordered at hard labor.

**CONVICTION AFFIRMED;**
**SENTENCE VACATED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.