# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-30570
Summary Calendar

CHARLES BUTLER

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-5562

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Charles Butler, Louisiana prisoner # 366870, through counsel appeals the district court's denial of his 28 U.S.C. § 2254 petition, challenging his conviction for attempted manslaughter. The district court granted Butler's motion for a certificate of appealability on the following issues: (1) whether the retroactive application of a state judicial decision concerning the Louisiana Habitual Offender statute violated the Ex Post Facto Clause; and (2) whether Butler's life

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence was excessive "insofar as it is impacted by finding in petitioner's favor as to claim one above."

The respondent argues that the COA motion filed by Butler's counsel did not specify the name of the court to which the appeal was taken, and therefore, it was not the functional equivalent of a notice of appeal. This court has excused the failure to name it as the court to which the appeal is taken where the appellant has evinced an intent to appeal and "this is the only court to which an appeal may be had." *McLemore v. Landry*, 898 F.2d 996, 999 (5th Cir. 1990). Therefore, Butler's COA motion is construed as a timely notice of appeal. *Cf. Stevens v. Heard*, 674 F.2d 320, 323 (5th Cir. 1982).

Butler argues that the trial court incorrectly applied a retroactive judicial interpretation of the Louisiana Habitual Offender statute to his case in violation of the Ex Post Facto Clause. The retroactive application of a new judicial interpretation of a criminal statute does not implicate the Ex Post Facto Clause. *Rogers v. Tennessee*, 532 U.S. 451, 460 (2001). Butler has not shown that the retroactive application of the Louisiana Supreme Court's reinterpretation of the statute violated his due process rights as he has not shown that it was "'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.'" *See id.* at 462; *Janecka v. Cockrell*, 301 F.3d 316, 324 n.11 (5th Cir. 2002). The plain language of the statute itself does not contain a sequencing requirement. LA. REV. STAT. ANN. § 15:529.1. The statute was not amended during this time period between the Louisiana Supreme Court's decisions in *State ex rel. Mims v. Butler*, 601 So. 2d 649, 650 (La. 1992), *overruled by State v. Johnson*, 884 So. 2d 568 (La. 2004) and *Johnson*, 884 So. 2d at 573-79. In *Johnson*, the Louisiana Supreme Court merely reinterpreted the effect of a 1982 amendment to the statute. Contrary to Butler's argument, a 2005 amendment to the statute did not reinstate the *Mims* decision; rather, it amended the statute to provide that if multiple convictions are obtained on the same day, they count as one conviction for future multiple offender purposes.

*See* LA. REV. STAT. ANN. § 15:529.1(B) (applicable to convictions obtained after October 19, 2004). The Louisiana Supreme Court in *Johnson* gave the statute a different reasonable interpretation which was not unexpected and indefensible. *See Rogers*, 532 U.S. at 462; *see also Janecka*, 301 F.3d at 324 n.11. Therefore, the district court did not err in denying habeas relief on this claim.

Butler argues that his life sentence is excessive in violation of the Eighth and Fourteenth Amendments and especially in light of the violation of the Ex Post Facto Clause. We have held that the retroactive application of the judicial reinterpretation of the Louisiana Habitual Offender statute did not violate Butler's rights under the Ex Post Facto Clause. To the extent Butler is arguing that his sentence is constitutionally excessive in violation of the Eighth and Fourteenth Amendments, the district court did not grant a COA on this issue. Butler did not make an express request to expand the COA to include this additional issue. *See United States v. Kimler*, 150 F.3d 429, 430 (5th Cir. 1998). Because this court's review is limited to the issue specified in the grant of COA, the court need not consider Butler's argument that his sentence is constitutionally excessive in violation of the Eighth and Fourteenth Amendments. *See Lackey v. Johnson*, 116 F.3d 149, 151-52 (5th Cir. 1997).

He also argues that the trial court erred in imposing the statutory maximum sentence of life imprisonment without providing sufficient reasons as required by LA. CODE CRIM. PROC. art. 894.1(C). His claim that the trial court violated state law is not cognizable in this federal habeas proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

AFFIRMED.