COX, J.
*909 This criminal appeal arises from the Third Judicial District Court, Lincoln Parish, Louisiana. The defendant, Jonathan Jackson ("Jackson"), was charged by bill of information with possession of a Schedule II controlled dangerous substance (cocaine), in violation of La. R.S. 40:967(C). Following a jury trial, Jackson was found guilty as charged. He was adjudicated a fourth-felony habitual offender and sentenced to 30 years at hard labor. Jackson now appeals, arguing that the trial court imposed an unconstitutionally harsh and excessive sentence. For the following reasons, we affirm.
FACTS
On September 28, 2015, Jackson was charged by bill of information with possession of cocaine, a Schedule II controlled dangerous substance, committed on or about March 4, 2015. At his arraignment, Jackson rejected a plea bargain from the State and pled not guilty; he elected to have a trial by jury. Jackson's trial commenced on February 23, 2016. After deliberation, the jury returned a unanimous verdict of guilty as charged.
On March 17, 2016, the State filed an amended bill of information charging Jackson as a fourth-felony habitual offender. On April 19, 2016, prior to his habitual offender hearing, Jackson was sentenced to five years at hard labor and fined $5,000.
On June 28, 2016, Jackson was adjudicated a fourth-felony habitual offender based upon the following predicate offenses: (1) possession of cocaine, committed on January 13, 2002; (2) unauthorized entry of an inhabited dwelling, committed on March 11, 2004; (3) middle grade theft, committed on May 11, 2007; and, (4) four counts of distribution of a Schedule I controlled dangerous substance, committed on February 9, 2011. Certified copies of the bills of information for the prior offenses were admitted into evidence. Jackson pled guilty to the aforementioned predicate offenses, and the transcripts of each respective guilty plea colloquy were also admitted into evidence.
On July 19, 2017, the trial court vacated Jackson's previous sentence and ordered him to serve 30 years at hard labor. No motion to reconsider sentence was filed. The instant appeal followed.
DISCUSSION
On appeal, Jackson argues that the trial court abused its discretion by imposing a constitutionally harsh and excessive sentence. Specifically, Jackson contends that his 30-year sentence for a nonviolent crime shocks the sense of justice and is grossly disproportionate to the severity of the offense when considering the harm done to society. He further asserts that the State erred in charging him as a habitual offender, claiming that the State frequently exploits its authority to charge defendants under La. R.S. 15:529.1.
Louisiana C. Cr. P. art. 881.1(E) precludes a defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial *910 court. Accordingly, when a defendant fails to file a motion to reconsider sentence, the appellate court's review of a sentencing claim is limited to the bare claim that the sentence is constitutionally excessive. State v. Smith , 50,342 (La. App. 2 Cir. 1/13/16), 184 So.3d 241. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. Id.
A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. State v. Johnson , 51,430 (La. App. 2 Cir. 7/5/17), 224 So.3d 505. A sentence is grossly disproportionate if, when the crime and punishment are viewed in a light of the harm to society, it shocks the sense of justice. State v. Mosley , 51,168 (La. App. 2 Cir. 6/21/17), 223 So.3d 158.
The trial court is given wide discretion in the imposition of sentences within the statutory limits. Such a sentence will not be set aside as excessive absent a manifest abuse of discretion. State v. Thomas , 51,364 (La. App. 2 Cir. 5/17/17), 223 So.3d 125, writ denied , 2017-1049 (La. 3/9/18), 238 So.3d 450.
The offense of possession of a Schedule II controlled dangerous substance is punishable by not more than five years at hard labor and a fine of not more than $5,000. La. R.S. 40:967(C)(2).
Louisiana R.S. 15:529.1(A)(4) provides, in pertinent part:
...
(4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life[.]
After reviewing the record, we do not find that the trial court abused its discretion by imposing a 30-year sentence at hard labor. Because Jackson failed to file a motion to reconsider sentence, review of his sentence is limited to a bare claim of constitutional excessiveness.
At Jackson's July 2017 sentencing hearing, the trial court vacated his prior sentence of five years at hard labor and noted its review of a presentence investigation report. The trial court observed that Jackson had an extensive criminal history beginning in 2002, which included multiple convictions for drug offenses and crimes against persons. The trial court also noted that Jackson had his parole or probation revoked on several occasions, as well as four pending felony drug distribution charges. Lastly, the trial court stated that the minimum sentence allowed under La. R.S. 15:529.1(A)(4)(a) -20 years-would deprecate the serious nature of Jackson's crimes and was insufficient given his criminal history.
The record establishes an adequate factual basis for the sentence imposed and demonstrates the trial court's compliance with the La. C. Cr. P. art. 894.1 factors. Considering Jackson faced a maximum sentence of life imprisonment as a fourth-felony habitual offender, his midrange sentence is not constitutionally excessive. Accordingly, the trial court did not abuse its discretion by sentencing Jackson to serve 30 years at hard labor.
A review of the sentencing transcript reveals that the trial court failed to *911 order that Jackson's 30-year sentence be served without the benefit of probation or suspension of sentence pursuant to La. R.S. 15:529.1(G). Neither Jackson nor the State raised the issue of the illegally lenient sentence on appeal, and the trial court minutes do not reflect any restriction of benefits. Nevertheless, failure to include the required statutory restrictions of a sentence is self-correcting on review, eliminating the need to remand for a ministerial correction of the illegally lenient sentence. La. R.S. 15:301.1 ; State v. Bass , 51,411 (La. App. 2 Cir. 6/21/17), 223 So.3d 1242.
CONCLUSION
For the foregoing reasons, we affirm Jackson's conviction and sentence.
AFFIRMED.