STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-367


STATE OF LOUISIANA

VERSUS

COURTLAND E. KING


**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 97169
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

**********

WILBUR L. STILES
JUDGE

**********

Court composed of Elizabeth A. Pickett, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.


AFFIRMED WITH INSTRUCTIONS.

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P.O. Box 6547**
**Lake Charles, LA 70606-6547**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Courtland E. King**

**Terry W. Lambright**
**District Attorney, Thirtieth Judicial District**
**William R. Thornton**
**Assistant District Attorney**
**P. O. Box 1188**
**Leesville, LA 71446**
**(337) 239-2008**
**COUNSEL FOR STATE/APPELLEE:**
    **State of Louisiana**

**STILES, Judge.**

On January 3, 2022, Defendant Courtland King was charged by bill of information with one count of possession of cocaine, with an aggregate weight of twenty-eight grams or more, and one count of possession of methamphetamine, with an aggregate weight of twenty-eight grams or more. On September 7, 2023, a unanimous jury found Defendant guilty of the responsive verdict of attempted possession of cocaine, with an aggregate weight of twenty-eight grams or more, and guilty as charged of possession of methamphetamine, with an aggregate weight of twenty-eight grams or more. The State filed a habitual offender bill of information on September 13, 2023, charging Defendant as a fourth or subsequent felony offender. After a hearing held February 21, 2024, the trial court found Defendant to be a fourth or subsequent felony offender. On March 26, 2024, the trial court sentenced Defendant to sixty years at hard labor for attempted possession of cocaine, with an aggregate amount of twenty-eight grams or more, and sixty years at hard labor for possession of methamphetamine, with an aggregate weight of twenty-eight grams or more. The sentences were ordered to run concurrently with one another, and each is to be served without probation or suspension of sentence. Defendant now appeals both his conviction as a habitual felony offender and his sentences.

## FACTS AND PROCEDURAL HISTORY

On March 12, 2021, at approximately 2:00 a.m., Louisiana State Trooper Isaac Davis was working patrol when he observed a vehicle cross the fog line twice. Trooper Davis stopped the vehicle and made contact with Defendant, the driver of the vehicle. Defendant initially gave Trooper Davis a false name and told him that he did not have a driver's license with him. After checking the name given to him by Defendant and realizing that Defendant did not match the photo associated with

that name, Trooper Davis asked Defendant for his real name. Defendant then gave his correct name and birthdate. Trooper Davis learned that Defendant was driving under a suspended license and had two active warrants against him.

Defendant gave Trooper Davis permission to search his vehicle. While searching the front driver's side area of the vehicle, Trooper Davis found a bag of methamphetamine hidden under the floormat. Trooper Davis placed Defendant under arrest and returned to continue his search of the vehicle, whereupon he discovered a vacuum sealed brick of cocaine, a bag of loose cocaine, and another bag of methamphetamine on the passenger side hidden under the floormat where the center console meets the dashboard.

The State filed a Bill of Information on January 3, 2022, charging Defendant with possession of cocaine, with an aggregate weight of twenty-eight grams or more, in violation of La.R.S. 40:967(C), (D), and (B)(1)(b), and possession of methamphetamine, with an aggregate weight of twenty-eight grams or more, in violation of La.R.S. 40:967(C), (D), and (B)(1)(b). On September 7, 2023, after a three-day jury trial, the jury found Defendant guilty of the responsive verdict of attempted possession of cocaine, with an aggregate weight of twenty-eight grams or more, and guilty as charged of possession of methamphetamine, with an aggregate weight of twenty-eight grams or more.

On September 13, 2023, the State filed a Habitual Offender Bill of Information Fourth or Subsequent Felony Offender against Defendant pursuant to La.R.S. 15:529.1(A)(4)(a). A hearing was held on February 21, 2024, after which the trial court found Defendant to be a fourth or subsequent felony offender for the purposes of the habitual offender statute and scheduled a sentencing hearing for a later date. Subsequently, on March 26, 2024, the trial court sentenced Defendant to

2

concurrent sentences of sixty years at hard labor on each count, to be served without probation or suspension of sentence. Defendant filed a motion to reconsider sentence which was denied by written ruling on April 17, 2024. A second motion to reconsider sentence was filed on behalf of Defendant and was denied by written ruling on May 1, 2024.

Defendant has appealed, asserting two assignments of error:

1) The trial court erred in finding that the State had proven the predicate convictions set forth in the Habitual Offender Bill of Information as the evidence submitted as to the fifth predicate conviction established that this conviction violated the sequencing requirement of La.R.S. 15:529.1(A).

2) The sentences imposed in this case violate the Eighth Amendment of the Constitution of the United States and La. Const. Art. I, § 20, as they are nothing more than cruel and unusual punishment and, thus, excessive.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent and one error in the minutes of sentencing. Additionally, we note that in assignment of error number one, Defendant alleges an error patent involving a sequencing error in his habitual offender adjudication. We address that error patent under our discussion of assignment of error number one.

Regarding the first error patent, we find that the trial court did not accurately advise Defendant of the time period for filing post-conviction relief. At sentencing, the trial court informed Defendant he had "two years from when [his] *sentence* becomes final to assert any claim for post conviction relief." (Emphasis added). According to La.Code Crim.P. art. 930.8(A), the time period for filing post-

3

conviction relief is "two years after the *judgment of conviction and sentence* has become final[.]" (Emphasis added).

A similar issue arose in *State v. Folse*, 23-1299, p. 11 (La.App. 1 Cir. 9/20/24), ___ So.3d ___ (2024 WL 4245979), wherein the court allowed its opinion to serve as notice to the defendant of the correct time limitation for filing an application for post-conviction relief, finding that the trial court's failure to inform the defendant of the prescriptive period for applying for post-conviction relief "is not grounds to reverse the sentence or remand for resentencing." Following the example set by the court in *Folse*, this opinion shall serve as notice to Defendant that he has two years from the time his judgment of conviction and sentence become final under the provisions of La.Code Crim.P. art. 914 or 922 to file for post-conviction relief. La.Code Crim.P. art. 930.8(A).

Next, we find that the minutes of sentencing are in need of correction. According to the transcript of Defendant's March 26, 2024 sentencing hearing, the trial court ordered both sentences to be served without benefit of probation or suspension of sentence. The minutes of sentencing, however, additionally state that the trial court imposed the sentences without benefit of parole. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La 9/21/01), 797 So.2d 62. Accordingly, we instruct the trial court to amend the court minutes to delete the denial of parole on each of the sentences imposed.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Defendant asserts that the State failed to prove the sequencing requirement for one of the predicate convictions charged in his habitual offender bill. Specifically, Defendant asserts that "the fifth predicate

4

conviction . . . was invalid as a predicate conviction as the conviction for that offense occurred approximately seven months after the commission of the current offenses." According to Defendant, "La.R.S. 15:529.1(A) requires that the conviction for the predicate offense occur prior to the commission of the offenses being enhanced." Defendant asks this court to vacate his habitual offender adjudication and sentence.

In its brief, the State "concedes that the fifth predicate offense was improperly included in support of its habitual offender bill of information." However, the State contends that the fifth predicate offense was "superfluous and irrelevant to the trial court's determination that the defendant was a fourth or subsequent felony offender."

According to the bill of information filed in this matter on January 3, 2022, the offenses of possession of cocaine and possession of methamphetamine were committed on March 12, 2021. The habitual offender bill of information, as well as documents introduced at the habitual offender hearing, indicate that Defendant was subsequently convicted of the fifth predicate offense (aggravated assault with a firearm) on October 14, 2021. Because the conviction for the fifth prediction offense occurred after the commission of the instant offenses, the sequencing requirement of La.R.S. 15:529.1(A) was not complied with.

This court addressed this type of error in *State v. Webb*, 14-149, pp. 22-23 (La.App. 3 Cir. 10/1/14), 149 So.3d 310, 324-25 (alterations in original), *writ denied*, 14-2319 (La. 9/11/15), 176 So.3d 1036:

> In challenging the trial court's finding that he is a fourth habitual offender, Defendant asserts that the trial court wrongfully used his instant three convictions of illegal possession of stolen firearms to enhance as a fourth offense his instant conviction for possession of a firearm by a convicted felon. Defendant relies upon La.R.S. 15:529.1(A), which states:
>
>> Any person who, after having been convicted within this state of a felony, or who, after having been convicted

under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony[.]

Defendant further asserts:

[Louisiana Revised Statutes] 15:529.1(A) allowed the Trail [sic] court to enhance the sentence of Carl James Webb, Jr., for his instant conviction for possession of a weapon by a convicted felon based on convictions that the State proved Mr. Webb had before he was convicted of the instant charges. However, the [t]rial [c]ourt erred by using Mr. Webb's instant convictions for three counts of illegal possession of a stolen firearm to enhance Mr. Webb's instant conviction for possession of a weapon by a convicted felon.

The error complained of by Defendant is a violation of the requirement that "for sentence enhancement purposes, the subsequent felony [(the felony being enhanced)] must be committed *after* the predicate conviction or convictions." *State v. Johnson*, 03-2993, p. 18 (La. 10/19/04), 884 So.2d 568, 578 (emphasis added), *superseded by statute on other grounds as stated in Butler v. Cain*, 327 Fed.Appx. 455 (5th Cir.2009). In the instant case, Defendant was convicted of three counts of illegal possession of stolen firearms (the predicate convictions) on the same day that he was convicted of possession of a firearm by a convicted felon (the felony being enhanced). Thus, the trial court erroneously used Defendant's three instant convictions of illegal possession of stolen firearms as predicates to enhance his instant sentence for possession of a firearm by a convicted felon since the felony being enhanced was not *committed after* Defendant's *convictions* of the predicate offenses and is, therefore, a violation of the sequencing procedure set forth in La.R.S. 15:529.1(A).

Like the defendant in *Webb*, the present Defendant did not raise the sequencing issue in the trial court. After reviewing the jurisprudence, the court in *Webb* found the error was an error patent that could be recognized without an objection and found the error affected such a basic due process right that it could be raised for the first time on appeal. Finding it was legal error to adjudicate Webb a fourth felony offender, this court vacated his habitual offender adjudication and sentence and remanded the matter for further proceedings.

6

As in *Webb*, we find it appropriate to address the sequencing error despite the fact that it was not asserted in the trial court. Unlike *Webb*, however, the remaining predicate convictions alleged in the instant habitual offender bill were sufficient to adjudicate Defendant a fourth habitual offender.

In *State v. Cooper*, 96-119, pp. 14-15 (La.App. 3 Cir. 7/17/96), 678 So.2d 59, 67-68, *writ denied*, 96-2121 (La. 1/24/97), 686 So.2d 857, this court noted a sequencing error in the habitual offender bill but found the error was harmless:

> Also, defendant complained that one of his prior convictions did not occur in the proper sequence for use in a habitual offender adjudication. Defendant is correct in his assertion; however, the state proved five prior felony convictions when it only needed to prove three. Even if defendant's fourth felony conviction, for forgery, is not considered a prior conviction, the remaining four convictions are more than adequate to support the fourth habitual offender adjudication. . . . Therefore, this assignment of error does not present reversible error and is without merit.

As in *Cooper*, the State charged Defendant with five prior felony convictions when it only needed to prove three. Additionally, like the court in *Cooper*, the trial court in the present case adjudicated Defendant a "fourth or subsequent" offender. Consequently, even without using the fifth predicate conviction, the State set forth more than enough predicates to adjudicate Defendant as a fourth habitual offender.

Similarly, in *State v. Lindsey*, 50,324, pp. 12-13 (La.App. 2 Cir. 2/24/16), 189 So.3d 1104, 1112, the second circuit found harmless error when the habitual offender bill contained a sequencing error:

> In this case, the habitual offender bill listed four predicate felonies, including the conviction for aggravated second degree battery, and the instant offense of jumping bail. Lindsey was charged with jumping bail based upon the failure to appear at the April 2, 2014 sentencing hearing on the conviction of aggravated second degree battery. At the time of the offense upon which the habitual offender bill of information was based, jumping bail on April 2, 2014, Lindsey had not yet been sentenced on the conviction of aggravated second degree battery, and his conviction was not yet final. As such, the conviction of

7

aggravated second degree battery could not be used as a predicate offense in habitual offender bill of information. However, the habitual offender bill listed three other prior felony convictions and the instant offense of jumping bail. As such, the bill of information still supported the adjudication as a fourth-felony habitual offender, which carries the same minimum sentence of 20 years' imprisonment. The inclusion of the conviction of aggravated second degree battery in the habitual offender bill of information is harmless error.

As stated above, the habitual offender bill of information filed in the present case supports Defendant's adjudication as a fourth or subsequent habitual offender even without using the problematic fifth predicate felony. Additionally, as in *Lindsey*, the same minimum sentence of twenty years applies with or without the fifth predicate felony conviction in the present case. La.R.S. 15:529.1(A)(4)(a).

Although Defendant does not specifically argue against the applicability of the harmless error analysis, he asserts that it is appropriate to set aside his habitual offender adjudication and sentence "as it is uncertain what affect the use of the fifth predicate conviction had in the court's determination of the appropriate sentences to impose on the convictions currently before the court on review." In response, the State contends that Defendant has failed to prove he was prejudiced by the erroneous inclusion of the fifth predicate conviction in the habitual offender bill. Furthermore, as discussed in Assignment of Error Number Two, the trial court gave ample reasons for the sentences imposed, including Defendant's significant criminal history.

Considering *Cooper*, 678 So.2d 59, and *Lindsey*, 189 So.3d 1104, we find that the sequencing error in the instant habitual offender bill of information was harmless error. Thus, this assignment of error is without merit. It is noted that Defendant has asked this court that if it concludes the error was harmless, this court order that the record be clarified to state that Defendant was a fourth felony offender for habitual offender purposes. Since both the transcript and minutes of sentencing state that the

8

trial court adjudicated Defendant a fourth or subsequent habitual offender, we find that no further clarification is necessary.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Defendant argues that the two sentences imposed in the present case, concurrent sentences of sixty years each, are constitutionally excessive. He asserts that other similarly situated or worse offenders have received half the sentences he received and that the trial court failed to consider his youthfulness, family life, facts of the case, and his cooperation with law enforcement.

Defendant was convicted of one count of attempted possession of cocaine, with an aggregate weight of twenty-eight grams or more, and one count of possession of methamphetamine, with an aggregate weight of twenty-eight grams or more, both of which are violations of La.R.S. 967(C) and (D). At the time these offenses were committed, the offense of possession of methamphetamine, with an aggregate weight of twenty-eight grams or more, was punishable by imprisonment at hard labor for one to twenty years and a possible fine of not more than $50,000.00. La.R.S. 40:967(B)(1)(b). Because Defendant was convicted of the responsive verdict of attempted possession of cocaine, with an aggregate weight of twenty-eight grams or more, the possible penalty for that offense was up to ten years at hard labor and a possible fine of not more than $25,000.00. La.R.S. 14:27(D)(3) and La.R.S. 40:979.

As a fourth habitual offender, Defendant was subject to the following penalty provision:

(4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then the following sentences apply:

9

(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.

(b) If the fourth felony and no prior felony is defined as a crime of violence under R.S. 14:2(B) or as a sex offense under R.S. 15:541, the person shall be imprisoned for not less than twenty years nor more than twice the longest possible sentence prescribed for a first conviction. If twice the possible sentence prescribed for a first conviction is less than twenty years, the person shall be imprisoned for twenty years.

(c) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), or a sex offense as defined in La.R.S. 15:541 when the victim is under the age of eighteen at the time of the commission of the offense, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

La.R.S. 15:529.1(A)(4).

Since one of the predicates—simple robbery—was a crime of violence, the most lenient of the above penalty provisions, Section (4)(b), is not applicable. La.R.S. 14:2(B)(23). At the same time, since the instant offense is not a crime of violence or a sex offense, the most onerous of the above penalty provisions, Section (4)(c), is not applicable. Consequently, as the trial court stated at sentencing, Section (4)(a) from the above penalty provisions is the penalty provision that applies to the present case. Thus, the possible punishment for each of Defendant's offenses increased upon his adjudication as a fourth habitual offender to a minimum sentence of twenty years at hard labor and a maximum sentence of life imprisonment at hard labor. La.R.S. 15:529.1(A)(4)(a) and (G). The trial court sentenced Defendant on each count to sixty years at hard labor, said sentences to run concurrently with one another.

*Sentencing Proceeding*

At the sentencing hearing, the trial court noted that while Defendant had been convicted of attempted possession of cocaine, with an aggregate weight of twenty-

10

eight grams or more, and possession of methamphetamine, with an aggregate weight of twenty-eight grams or more, the record indicated that the cocaine and methamphetamine found in his possession each weighed over two hundred grams. The trial court also noted that it had reviewed the Presentence Investigation Report (PSI), which indicated that Defendant was a fifth felony offender. The trial court further stated:

> I've looked at the PSI, and substantial grounds do not exist that tend to justify or excuse Mr. King's criminal conduct in this matter. As I stated earlier, the defendant did not act under strong provocation by anybody. He's approximately 30 years of age. He is single. He is in good health from the PSI. I couldn't discern an employment history.

When Defendant interjected that he had a clothing business, the trial court acknowledged he has a business which manufactures and sells clothing. The trial court further noted that Defendant completed the eleventh grade at Pineville High School and that he denied having a history of drug or alcohol abuse.

> The trial court then summarized Defendant's extensive criminal history:

> Mr. King is a fifth time felony offender, is what the PSI says. Mr. King has an extensive criminal history in at least - - in several jurisdictions. In 4/30/2010, unauthorized use of a moveable, that looks like it was Nolle Prosequi with Alexandria PD. 8/4/2010, first degree robbery, parol [sic] violation, probation violation in 3/3/2011, he pled guilty to the reduced charge of simple burglary. The other charges are unknown. He was sentenced to seven years DOC - -

> . . . .

> Okay. Simple robbery, his probation was revoked and - - his probation was revoked, and I believe, the PSI indicates it on 9/24/2012. Then, Alexandria PD on 4/27/2011, failure to pay some sort of fine. He was found guilty on 5/3/2011, and sentenced to four days confinement. Alexandria PD, 1/24/2012, possession with intent to distribute, but it was continued without date. Rapides Sheriff's Department on 6/12/2012, failure to pay a fine, unknown disposition. Alexandria PD, 9/4/2012, unauthorized use of movable, resisting an officer, disposition unknown. Alexandria PD, 9/25/2012, second degree robbery, failure to pay a fine, probation violation, disposition unknown. Alexandria PD, 10/30/2012, introduction of contraband, possession of Marijuana, pled

11

guilty to the introduction of contraband, other charges Nolle Prosequi, sentenced to serve one year DOC. Alexandria PD, 2/17/2014, contempt of court, found guilty at trial, served ten days of confinement. Alexandria PD, 3/11/2014, armed robbery, criminal damage to property, contempt of court. 7/6/2015, Ninth JDC, which is Alexandria, Rapides, pled guilty to the amended charge of theft $750 to $1,000, that's a felony, criminal damage to property, a felony, disposition of contempt of court unknown, sentenced to three years, and one year to serve in the Rapides Parish Jail, credit for time serve[d]. Rapides Sheriff's Department, 4/3/2014, introduction of contraband, Nolle Prosequi on 7/6/2015. Allen Parish Sheriff's Office, 11/12/2015, illegal possession of stolen things, felony, resisting an officer, misdemeanor, driving under suspension, misdemeanor, speeding, misdemeanor. That's in the 33rd JDC, he pled no contest to amended charge of unauthorized use of motor vehicle, other charges dismissed, sentenced two years DOC, suspended with two years probation. APD, 10/28/2016, resisting officer, improper lane usage, expired vehicle registration, no driver's license on person. He pled guilty all counts, and sentenced to 22 days confinement. 3/27/2017, simple burglary, illegal carrying of a weapon, possession of Schedule II, illegal carry of a weapon, misdemeanor, dismissed - -

. . . .

Okay. Louisiana State Police Troop E, 3/28/2017, fugitive, disposition unknown. Alexandria PD, 6/4/2019, possession of Schedule II, felony, illegal possession of weapons, felony, possession of a firearm by a convicted felon, felony, hit and run, contempt of court, three counts, Ninth JDC, he pled guilty to amended aggravated assault with a firearm, disposition of other charges unknown. He was sentenced six months in Vernon Parish Jail (sic) credit for time served. APD, contempt of court, disposition unknown. Louisiana State Police Troop E, contempt of court, disposition unknown. Louisiana State Police Troop E, possession with intent to distribute Meth, this is in 3/12/2021, possession with intent distribute [sic] Cocaine, driving under suspension, improper lane usage, resisting an officer, jumping bail. That's this case here, in which, the jury found you guilty of the attempt of possession. Then after that date Rapides Sheriff's Department on 3/18/2021, contempt of court, Alexandria PD, speeding, and some other traffic offenses. He pled guilty.

After this summary of Defendant's criminal history, the trial court noted that on July 20, 2022, Defendant was arrested for possession with the intent to distribute methamphetamine and possession of methamphetamine in excess of 400 grams, charges which were still pending at the time of sentencing. Thus, the trial court noted that even after being arrested on the current charges, Defendant was again arrested

on other drug charges. It was the trial court's opinion that Defendant was not likely to respond favorably to probationary treatment. The trial court then continued:

> The defendant is in need of correctional treatment or a custodial environment. A lesser sentence will deprecate the seriousness of the defendant's offenses. On each of these sentences due to the nature of the Habitual Offender filed the possible sentence is anywhere from 20 years to life in prison on each one of these offenses, because of his extensive criminal record. His criminal record, which include [sic] many arrest [sic], and many felony convictions, and also, many many unknown dispositions on numerous other felony arrests.

After Defendant was sentenced, he filed two motions to reconsider sentence.

In the first motion, Defendant argued:

> [I]n imposing its sentence the Court erred in failing to give due consideration to the Defendant's age, which, as established by the Pre-Sentence Investigation report, was the age of 30 at the time of the offense, and the Court failed to give due consideration to several other of the guidelines as described in Code of Criminal Procedure 894.1, including but not limited to the fact that the offenses in question were not crimes of violence, nor were they sex offenses, and no actual harm resulted to any individual, the evidence at the trial failed to establish who was the actual owner of the drugs involved, and there having been a co-defendant, both of whom were found guilty, no evidence was ever definitively introduced to determine who was the actual owner, no weapons were involved in the offenses, there is no proof that Defendant had in the past, or would have derived any substantial income from the offense, and any other guidelines not given due consideration by the Court, and therefore the Court imposed an unnecessarily lengthy and harsh sentence on the Defendant.

The trial court denied the motion by written ruling dated April 17, 2024.

On April 24, 2024, Defendant filed another motion to reconsider sentence, asserting that when imposing the sentences, the trial court referred to and relied upon "certain convictions and/or criminal conduct in the defendant's background" which had "been reduced from felony to misdemeanor charges, or the matters did not result in convictions." The trial court denied this second motion by written ruling dated May 1, 2024, stating, "Another Motion to Reconsider has previously been denied."

*Defendant's Argument on Appeal*

Defendant, age thirty at the time the offenses were committed, contends that even though he had several prior arrests and convictions, most of the charges carried minimal sentences, with a maximum sentence of ten years or less and punishable with or without hard labor. Noting that the maximum sentences for his current underlying offenses were twenty years and ten years, Defendant asserts that the sixty-year sentences imposed in this case were three and six times greater than the maximum sentences that could have been imposed for the underlying offenses. Defendant also cites several cases in which lesser sentences were imposed for fourth habitual offenders.

*State's Argument in Response*

Arguing that Defendant failed to prove the trial court abused its wide discretion in imposing Defendant's sentences, the State asserts Defendant has failed to allege any relevant facts not already considered by the trial court prior to imposition of sentence. As for Defendant's claim that the trial court failed to consider his family life, the State responds that at the habitual offender/sentencing hearing, it "noted that the outstanding warrants which initially led to the defendant's arrest were for failure to pay child support for five different children by three different mothers." Finally, the State cites cases wherein similar sentences were imposed for fourth habitual offenders.

*Law and Analysis*

Louisiana courts have laid out the following guidelines regarding excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir.

1/31/01), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

*State v. Soileau*, 13-770, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06

(alteration in original), *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

15

In *State v. Decuir*, 10-1112, p. 2-3 (La.App. 3 Cir. 4/6/11), 61 So.3d 782, 785-86 (alterations in original), this court discussed how to go about particularizing a sentence:

> Louisiana Code of Criminal Procedure Article 894.1 contains a series of factors to be considered by the trial court in sentencing a defendant. In considering these sentencing guidelines, the trial court must "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." La.Code Crim.P. art. 894.1(C). However, to comply with La.Code Crim.P. art. 894.1(C), the trial court "need not articulate every circumstance or read through a checklist of items." *State v. Anderson*, 95-1688, p. 4 (La.App. 3 Cir. 5/8/96), 677 So.2d 480, 483. Still, the record should establish that the trial court adequately considered the codal guidelines in particularizing a defendant's sentence. *Id*. That is to say, "the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1." *State v. Ellis*, 42,520, p. 23 (La.App. 2 Cir. 9/26/07), 966 So.2d 139, 152, *writ denied*, 07-2190 (La.4/4/08), 978 So.2d 325.
>
> > The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So.2d 688 (La.1983); *State v. Dallas*, 36,397 (La.App.2d Cir.11/6/02), 830 So.2d 1113. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So.2d 1049 (La. 1981); *State v. Strange*, 28,466 (La.App.2d Cir. 6/26/96), 677 So.2d 587; *State v. Hudgins*, [519 So.2d 400 (La.App. 2d Cir. 1988), *writ denied*, 521 So.2d 1143 (1988)].
>
> *State v. Scott*, 36,763, p. 3 (La.App. 2 Cir. 1/29/03), 836 So.2d 1180, 1182. However, "[t]here is no requirement that specific matters be given any particular weight at sentencing." *Ellis*, 966 So.2d at 153.
>
> Despite the mandates of La.Code Crim.P. art. 894.1, our courts have held that:
>
> > [F]ailure to comply with article 894.1 does not automatically render a sentence invalid. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not

been full compliance with La.C.Cr.P. art. 894.1. *State v. Delaughter*, 29,974 (La.App.2d Cir. 12/10/97), 703 So.2d 1364, *writ denied*, 98-0018 (La.5/1/98), 805 So.2d 201, 1998 WL 234691. The question is whether the record presented is sufficient to demonstrate that the trial court did not abuse its discretion. *State v. Davis*, 448 So.2d 645 (La.1984).

*State v. Smith*, 34,325, p. 2 (La.App. 2 Cir. 12/20/00), 775 So.2d 640, 642. Sentences also will not be overturned for failure to comply with statutory guidelines where the sentencing court implicitly considered the factors set forth in La.Code Crim.P. art. 894.1. *State v. Thibodeaux*, 502 So.2d 296, 298 (La.App. 3 Cir.), *writ denied*, 505 So.2d 1140 (La.1987).

Although the trial court in this case did not specifically state that it was considering the factors set forth in La.Code Crim.P. art. 894.1, it did implicitly consider such factors, especially Defendant's age, employment record, prior criminal record, and the likelihood of rehabilitation. The trial court reviewed the PSI detailing Defendant's extensive criminal history, and noted that even after his arrest for the current charges, Defendant was again arrested for possession and possession with intent to distribute over 400 grams of methamphetamine. Defendant asserted in his motions to reconsider sentence that the trial court erroneously referred to his prior misdemeanor offenses and to charges that did not result in convictions. However, he has not argued such on appeal. Rather, Defendant attempts to minimize the significance of his criminal history by asserting that most of his convictions were relative felonies that carried minimal sentences.

Defendant cites *State v. Stokes*, 19-128 (La.App. 5 Cir. 9/4/19), 279 So.3d 517, as an example of a case wherein a sixty-year habitual offender sentence was found to be excessive. Stokes was convicted of possession with the intent to distribute cocaine, was adjudicated a fourth habitual offender, and was sentenced to life imprisonment. On appeal, Stokes' habitual offender adjudication was reduced to a

17

third habitual offender and he was again sentenced to life imprisonment. Because of ameliorative changes in the law, Stokes' life sentence was vacated and his case was remanded for resentencing. Stokes was then resentenced to a sixty-year sentence as a third habitual offender. In a bare-excessiveness review, the court of appeal found the sixty-year sentence to be excessive, noting: Stokes possessed fifty rocks of crack cocaine valued at $10.00 each; his prior convictions consisted of attempted simple burglary and simple burglary, neither of which were crimes of violence; and his underlying conviction of possession with intent to distribute cocaine was his only drug offense. The court also discussed numerous cases where third habitual offenders received forty-five years or less.

We find that *Stokes* is distinguishable from the present case. The defendant in *Stokes* was ultimately found to be a third habitual offender with a maximum sentence of sixty years, whereas the present Defendant was adjudicated a fourth habitual offender with a possible maximum sentence of life imprisonment.

Defendant also cites several cases wherein lesser sentences were imposed in similar circumstances. In *State v. Jackson*, 52,057 (La.App. 2 Cir. 8/15/18), 253 So.3d 907, *writ denied*, 18-1558 (La. 3/25/19), 267 So.3d 596, a thirty-year sentence was upheld for possession of cocaine, fourth habitual offender, where there was a long history of drug distribution. As in the present case, Jackson faced a sentencing range of twenty years to life. Additionally, like the present Defendant, Jackson had an extensive criminal history, had both his probation and parole revoked on several occasions, and had other drug distribution charges pending.

In *State v. Henry*, 42,416 (La.App. 2 Cir. 9/19/07), 966 So.2d 692, *writ denied*, 07-2227 (La. 8/29/08), 989 So.2d 95, the appellate court upheld a twenty-five year sentence for possession of alprazolam, fourth habitual offender, when the sentencing

range was twenty years to life. Henry was actually a fifth felony offender whose prior criminal history did not include crimes of violence or drug offenses. Unlike Henry, the present Defendant's criminal history includes both crimes of violence and drug offenses.

Both Defendant and the State cite *State v. Cooley*, 22-140 (La.App. 3 Cir. 10/5/22) (unpublished opinion) (2022 WL 5061602), wherein the defendant received mandatory life sentences for two of his convictions (aggravated battery and possession with the intent to distribute methamphetamine) and concurrent twenty-five year sentences for the remainder of his convictions for attempted possession of temazepam (CDS IV), attempted possession of zolpidem tartrate (CDS IV), and attempted possession of tramadol (CDS IV). Pertinent to this case is the fact that Cooley received the maximum sentence of life imprisonment for possession of morphine sulfate (CDS II) as a fourth habitual offender. This court affirmed Cooley's sentences noting, "The trial court indicated that it reviewed the mitigating facts but focused on the defendant's ongoing lifestyle as a drug offender and sentenced the defendant in compliance with the habitual offender law." *Id.* at p. 10.

In addition to *Cooley*, the State cites *State v. Brown*, 22-483 (La.App. 3 Cir. 11/16/22), 353 So.3d 919, *writ denied*, 22-1791 (La. 5/2/23), 359 So.3d 1279, in support of its argument that Defendant's sentences are not excessive. In *Brown*, this court affirmed eighty-year sentences for a fourth habitual offender convicted of possession with the intent to distribute cocaine, possession of methamphetamine, and illegal carrying of a weapon while in possession of a controlled dangerous substance.

> Based on the foregoing, we find the trial court did not abuse its sentencing discretion. The record demonstrates that Defendant has a lengthy criminal history, and he has been given numerous opportunities

19

to reform and has failed to do so. Further, the record supports the trial court's reasoning that lesser sentences would deprecate the seriousness of the offenses and that there is an undue risk during the period of a suspended sentence or probation that Defendant would commit another crime. The trial court thoroughly detailed the factors it found in aggravation and the fact that no mitigating factors existed. The sentences are not out of proportion to the seriousness of the offenses, nor do they shock the sense of justice. Therefore, the trial court did not err in sentencing Defendant to concurrent sentences of eighty years at hard labor for counts one through three and forty years at hard labor for count four.

*Id*. at 934.

Considering the cases discussed above, we find that the trial court did not abuse its discretion by imposing concurrent sixty-year sentences in the present case. The sentences were mid-range sentences and were ordered to run concurrently. Furthermore, Defendant's criminal history is consistent with defendants who have received the same or longer sentences. As noted by the trial court, Defendant has repeatedly committed offenses even after being given probation, supporting the finding that Defendant would not likely respond well to probation. Rather, the trial court found Defendant is in need of correctional treatment, and a lesser sentence would deprecate the seriousness of the offenses. Furthermore, we note the supreme court's repeated admonition that the relevant question in reviewing a sentence for excessiveness is "whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." *State v. Aguliar-Benitez*, 21-174, p. 5 (La. 10/12/21), 332 So.3d 618, 620 (quoting *State v. Cook*, 95-2784, p. 3 (La. 5/31/96), 674 So.2d 957, 959, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)).

For these reasons, we find the trial court did not abuse its broad sentencing discretion and this assignment of error lacks merit.

20

## CONCLUSION

Defendant's convictions and sentences are affirmed. We advise Defendant that in accordance with La.Code Crim.P. art. 930.8, no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence become final under the provisions of La.Code Crim.P. arts. 914 or 922. We further instruct the trial court to amend the court minutes to delete the denial of parole on each of the sentences imposed.

**AFFIRMED, WITH INSTRUCTIONS.**