# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

EDDIE JOSEPH MATTHEWS, III

NO. 2025 KW 0805

**OCTOBER 6, 2025**

---

In Re:    Eddie Joseph Matthews, III, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 553826.

---

**BEFORE:    McCLENDON, C.J., GREENE AND STROMBERG, JJ.**

**WRIT DENIED.** It is well-settled that the law in effect at the time of the offense is determinative of a defendant's punishment, including for habitual offender proceedings. See **State v. Lyles**, 2019-00203 (La. 10/22/19), 286 So.3d 407, 409 (*per curiam*) (citing **State v. Parker**, 2003-0924 (La. 4/14/04), 871 So.2d 317, 327). In **State v. Johnson**, 2003-2993 (La. 10/19/04), 884 So.2d 568, 578, superseded by statute on other grounds, **Butler v. Cain**, 327 Fed.Appx. 455 (5th Cir. 2009), the Louisiana Supreme Court expressly overruled its prior decision in **Mims** and held that Act 688 of 1982 removed the sequential requirement of La. R.S. 15:529.1. The record shows that the felony being enhanced in this 2014 case, which was possession of methamphetamine, was committed after the predicate convictions set forth in the multiple offender bill of information. See La. R.S. 15:529.1(B). Furthermore, the district court correctly applied the ten-year cleansing period to compute the cleansing period in this case. Accordingly, the district court did not err by dismissing the motion to correct an illegal habitual offender sentence.

**PMc**
**HG**
**TPS**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT